# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

PAMELA M. BOURLAND,
     Appellant,

    v.

OFFICE OF PERSONNEL
  MANAGEMENT,
     Agency.

DOCKET NUMBER
DA-0831-19-0049-I-1

DATE: March 18, 2024

# THIS ORDER IS NONPRECEDENTIAL[1]

Pamela M. Bourland, Heber Springs, Arkansas, pro se.

Jo Bell, Washington, D.C., for the agency.

### BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

### REMAND ORDER

The appellant has filed a petition for review of the initial decision, which dismissed her retirement annuity appeal for lack of jurisdiction. For the reasons discussed below, we GRANT the appellant's petition for review, VACATE the initial decision, and REMAND the case to the regional office for further adjudication in accordance with this Remand Order.

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

## BACKGROUND

On October 26, 2018, the appellant filed an appeal with the Board contesting her ineligibility for a retirement annuity. Initial Appeal File (IAF), Tab 1 at 3. The appellant explained that she received a letter from the Office of Personnel Management (OPM) informing her that she was not entitled to an annuity because she had received a refund of her retirement contributions; however, the appellant did not provide a copy of this letter. *Id.* at 4. The appellant did not request a hearing on the matter. *Id.* at 2.

The administrative judge issued an order explaining that the Board's jurisdiction over retirement matters under the Civil Service Retirement System (CSRS) does not vest until OPM has issued a final decision. IAF, Tab 2 at 2. The administrative judge advised that her appeal would be dismissed unless she amended her appeal to show a final decision had been issued. *Id.* He ordered the appellant to file evidence and argument as to why the Board has jurisdiction over the matter. *Id.* The appellant did not respond to this order.

Thereafter, on December 6, 2018, OPM filed a motion requesting that the appeal be dismissed. IAF, Tab 6 at 4-5, Tab 7 at 4-5. OPM contended that the Board lacked jurisdiction over the matter because it had not issued either an initial or final decision pertaining to the appellant's retirement benefits. IAF, Tab 6 at 4, Tab 7 at 4.

Without holding a hearing, the administrative judge issued an initial decision dismissing the appeal for lack of jurisdiction. IAF, Tab 8, Initial Decision (ID). He specifically found that, because the appellant had failed to adduce evidence of a final decision from OPM, she had failed to establish Board jurisdiction over her appeal by preponderant evidence. ID at 2-3.

The appellant has filed a petition for review. Petition for Review (PFR) File, Tab 1. OPM has not filed a response. In her petition for review, the appellant contends that she is entitled to retirement benefits and explains that she was unable to view any Board filings due to technical issues. *Id.* at 2-4. The

appellant also provides new documentation, to include a final decision letter from OPM dated October 22, 2018.[2]  *Id.* at 5-6.

## DISCUSSION OF ARGUMENTS ON REVIEW

The Board's jurisdiction is limited to those matters over which it has been given jurisdiction by law, rule, or regulation.  *Maddox v. Merit Systems Protection Board*, 759 F.2d 9, 10 (Fed. Cir. 1985).  An appellant bears the burden of proving the Board's jurisdiction by preponderant evidence.  5 C.F.R. § 1201.56(b)(2)(i)(A).  The Board generally has jurisdiction over the agency's determinations affecting an appellant's rights or interests under the retirement system only after OPM has issued a final decision on the matter.  *See McNeese v. Office of Personnel Management*, 61 M.S.P.R. 70, 73-74, *aff'd*, 40 F.3d 1250 (Fed. Cir. 1994).  Board regulations require that any such appeal therefrom be filed no later than 30 days after the effective date, if any, of the action being appealed, or 30 days after the date of receipt of the agency's decision, whichever is later.  5 C.F.R. § 1201.22(b).

For the first time on review, the appellant provides an October 22, 2018 final decision letter from OPM.  PFR File, Tab 1 at 5-6.  The decision informs the appellant that she is ineligible for CSRS annuity benefits because she received a refund of her retirement deductions in 1991.  *Id.* at 5.  The appellant implies that she did not submit this letter prior to the close of the record due to technical difficulties with e-Appeal Online.  *Id.* at 2.  Specifically, she avers that she was unable to view any case filings through the e-Appeal Online system.  *Id.*

The Board generally will not consider evidence submitted for the first time on review absent a showing that it was unavailable before the record closed despite the party's due diligence.  *Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 214 (1980); 5 C.F.R. § 1201.115(d).  We find the appellant's assertions regarding her technical difficulties with the e-Appeal Online system unavailing.

---

[2] The appellant also provides a new appeal form wherein she requests a hearing on the matter "[i]f needed."  PFR File, Tab 1 at 7.

As a registered e-filer, the appellant consented to accept electronic service of pleadings filed by other registered e-filers and documents issued by the Board. IAF, Tab 1 at 2; *see* 5 C.F.R. § 1201.14(e)(1) (2018). Despite her apparent technical issues, she did not withdraw her registration as an e-filer prior to issuance of the initial decision. *See* 5 C.F.R. § 1201.14(e)(4) (2018). Moreover, there is no indication that she requested technical assistance or informed the Board of her issues prior to the close of the record. *See* 5 C.F.R. § 1201.14(j)(2) (2018) (explaining that, if the Board is advised of the non-delivery of electronic pleadings, it will attempt to redeliver and, if that is unsuccessful, will deliver by postal mail or other means).

Nevertheless, in retirement annuity cases, the paramount concern is whether the appellant is entitled to the benefit she seeks. *Moore-Meares v. Office of Personnel Management*, 105 M.S.P.R. 613, ¶ 8 (2007); *Edney v. Office of Personnel Management*, 79 M.S.P.R. 60, ¶ 6 (1998) (explaining that, unlike the competing interests of agency management and employee rights involved in a disciplinary appeal, there is only one primary interest involved in a retirement appeal, that of the applicant's entitlement under law to a benefit). Here, the documents submitted on review suggest that the appellant timely appealed OPM's final decision pertaining to her eligibility for CSRS annuity benefits to the Board. IAF, Tab 1; PFR File, Tab 1 at 5; *see* 5 C.F.R. § 1201.22(b). The documents further suggest that OPM issued the subject final decision approximately 2 months prior to December 6, 2018, when the agency indicated via motion that neither an initial nor a final decision had been issued. IAF, Tab 6 at 4, Tab 7 at 4; PFR File, Tab 1 at 5. As noted, OPM did not respond to the appellant's petition for review. In these circumstances, we find it appropriate to remand this appeal for further adjudication based on the evidence provided with the appellant's petition for review. *See* 5 C.F.R. § 1201.115(e).

## ORDER

For the reasons discussed above, we remand this case to the regional office for further adjudication in accordance with this Remand Order.

FOR THE BOARD:           *Gina K. Grippando*
                                        _____
                                        Gina K. Grippando
                                        Clerk of the Board

Washington, D.C.